Zhang v. Sessions

BIA
Christensen, IJ
A205 442 849

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand seventeen.

PRESENT:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*
_____

SHAOQIANG ZHANG,
> *Petitioner,*

v.                                                    15-3721
                                                      NAC

JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*
_____

FOR PETITIONER:        Yongbing Zhang, Law Offices
                       of Yongbing Zhang, Chicago,
                       IL.

FOR RESPONDENT:        Benjamin C. Mizer, Principal
                       Deputy Assistant Attorney
                       General; Linda S. Wernery,
                       Assistant Director; William
                       C. Minick, Trial Attorney;

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shaoqiang Zhang, a native and citizen of China, seeks review of an October 20, 2015, decision of the BIA affirming a May 2, 2014, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shaoqiang Zhang*, No. A205 442 849 (B.I.A. Oct. 20, 2015), *aff'g* No. A205 442 849 (Immig. Ct. N.Y. City May 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications like Zhang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Zhang was not credible.

First, the agency reasonably based the credibility determination on the omissions from Zhang's application concerning his guarantee statement and reporting requirement. *Xiu Xia Lin*, 534 F.3d at 166-68; *see also id.* at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Zhang testified that he signed a guarantee statement in which he promised to report to the police

3

station, that he reported to the police once a month for eight months, and that the police continue to threaten his family members for his failure to report. Zhang's application, however, omitted any reference to the guarantee statement, his reporting requirement, or the police's threats. The IJ was not compelled to credit Zhang's explanation for these omissions. *See Majidi*, 430 F.3d at 80.

Second, the agency reasonably based the credibility determination on the omission from Zhang's wife's letters that the police had threatened her for Zhang's failure to report. *See Xiu Xia Lin*, 534 F.3d at 167 (explaining that omission of fact from family member's letter "could have reasonably convinced the IJ that [the] story of persecution was fabricated"). Zhang testified that the people who called his wife identified themselves as being from the "South City Public Security Bureau." Administrative Record ("A.R.") 91. However, Zhang's wife's first letter makes no mention of threatening calls, and her second letter states that the calls were from "stranger[s]." A.R. 107. The IJ was not required to accept Zhang's explanation that his wife referred to the callers as strangers because she did not know them personally. *See Majidi*, 430 F.3d at 80.

4

Third, the agency reasonably based the credibility finding on the omission from Zhang's mother's letter that the family had been threatened by the police due to Zhang's failure to report. *Xiu Xia Lin*, 534 F.3d at 167. Zhang's mother's letter does not mention threats; however, Zhang testified that the police had made threatening calls to his "family members." A.R. 78. Zhang does not challenge the agency's reliance on this omission on appeal.

Finally, the adverse credibility determination was properly based on the inconsistency between Zhang's testimony and evidence about whether Zheng, or anyone in his family, had kept in touch with his friend who owned the Falun Gong books found in Zhang's home. *See Xiu Xia Lin*, 534 F.3d at 163-64. Zhang testified that neither he nor his family has had recent contact with the friend. However, Zhang submitted a letter from the friend in support of his application. When confronted with this discrepancy, Zhang testified that his wife obtained the letter through the friend's family. The IJ reasonably found Zhang's testimony and supporting evidence inconsistent, and he was not compelled to accept Zhang's corresponding explanation. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact."

5

(alteration in original) (quoting *Palazzo ex rel Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000))); *Majidi*, 430 F.3d at 80.

Given the foregoing omission and inconsistency findings, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of Zhang's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6